**Gregorzek v. Garden Spot Middle School**

*Christopher M. Reeser,* for plaintiff.
*Charles W. Marsar, Jr.,* for defendants.

CULLEN, *J.,* February 25, 2009—Pending before the court is the motion for summary judgment filed by defendants, Garden Spot Middle School and Eastern Lancaster County School District. Defendants seek dismissal of plaintiff's complaint on the ground that her claim against defendants is barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8541 et seq. Based on the record before it, the court concludes that the area where plaintiff fell is not a "sidewalk" and, therefore, the Act does not bar this action. Accordingly, defendants' motion for summary judgment will be denied.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff, Jean Gregorzek, was employed by Lancaster-Lebanon Intermediate Unit 13 as a paraeducator/interpreter assigned to Garden Spot Middle School in the Eastern Lancaster County School District.

On March 8, 2005, at approximately 3 p.m., plaintiff was escorting one of her students out of Garden Spot Middle School after the 2:45 p.m. school day dismissal. The student whom plaintiff was escorting slipped and fell on ice on a cement walk located under a canopy directly outside the school doors, pulling plaintiff down in the process. As she fell, plaintiff struck her head on a brick pillar and sustained injuries for which she received medical treatment and physical therapy. Plaintiff claims that the cause of her fall was the sheet of ice on the area under the canopy in front of the school.

On March 2, 2007, plaintiff initiated this action by filing a complaint against defendants, Garden Spot Middle School and Eastern Lancaster County School District. In the complaint, plaintiff alleges that defendants were negligent by allowing ice to form and accumulate in the area in which plaintiff fell and for failing to remove the ice and snow from that area. She seeks to recover monetary damages for the injuries and losses she sustained as a result of defendants' alleged negligence. (Compl. at ¶¶37-44.)

Defendants filed an answer and new matter on April 18, 2007. After the pleadings closed, the parties engaged in discovery. The motion for summary judgment was filed on July 9, 2008. Plaintiff filed her response on Au-

gust 6, 2008, and defendants submitted a reply on August 14, 2008. The court heard oral argument on December 23, 2008, and allowed the parties an opportunity to submit further argument in support of their respective positions.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1035.2 provides in pertinent part:

"[a]fter the relevant pleadings are closed . . . any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact

against the moving party. Thus, summary judgment is proper only when the uncontraverted [sic] allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only where the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Wright v. Allied Signal Inc.,* 963 A.2d 511, 514 (Pa. Super. 2008) (citing *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643, 651 (Pa. Super. 2002)).

The purpose of the summary judgment procedure is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Phaff v. Gerner,* 451 Pa. 146, 151, 303 A.2d 826, 829 (1973). The court "must ignore controverted facts appearing only in the pleadings" and restrict its consideration to material "filed in support of and in opposition to the motion for summary judgment" and the "uncontroverted" allegations of the pleadings. *Id.* at 151, 303 A.2d at 830; *Washington Federal Savings & Loan Association v. Stein,* 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986).

In opposing a motion for summary judgment and putting forth his or her evidence, the non-moving party cannot rest on the allegations or denials in the pleadings. *Rapagnani v. Judas Co.,* 736 A.2d 666, 668 (Pa. Super. 1999). "Rather, the adverse party must identify evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." *Id.* at 668-69.

Plaintiff's claims arise from a slip and fall incident that occurred on March 8, 2005, while she was leaving the building at Garden Spot Middle School. Because each defendant is a "local agency,"[1] they contend that plaintiff's claims are barred by the Political Subdivision Tort Claims Act.[2]

The parties stipulated for purposes of defendants' motion for summary judgment that icy conditions existed on the paved walk under the canopy at Garden Spot Middle School at or about the time plaintiff slipped and fell. Defendants argue that plaintiff's claims, which sound only in negligence, must be dismissed with prejudice because they are barred by the Act.

Under the Act, local government agencies are immune from liability for their negligent acts unless those actions fall within an enumerated exception and would otherwise subject them to liability at common law. 42 Pa.C.S. §§8541-8542. Defendants maintain that because plaintiff's injuries arose out of a slip and fall on a "sidewalk" her claims are barred because they do not come within the "sidewalks" exception, 42 Pa.C.S. §8542(b)(7), which is quoted below.

*"(b) Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local

---

1. 42 Pa.C.S. §8501.
2. 42 Pa.C.S. §8541 et seq.

agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable." 42 Pa.C.S. §8542(b)(7).

Defendants posit that plaintiff has neither alleged nor submitted any evidence that her injuries were the result of a defect or dangerous condition which originated from the paved walk itself. Therefore, according to defendants, section 8542(b)(7) is inapplicable and they are immune from suit for injuries arising from their alleged negligence in failing to remove a foreign substance (*i.e.,* snow and ice) from the paved walk.

Plaintiff asserts that she is not pursuing her claim under the sidewalks exception because the area where she slipped and fell is not a "sidewalk." Instead, she argues that she is not barred from pursuing her negligence claims by virtue of the "real property exception" of the Act which states:

"*(b) Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) *Real property.*—The care, custody, or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, 'real property' shall not include: . . .

"(iv) sidewalks." 42 Pa.C.S. §8542(b)(3).[3]

Section 8542(b)(3)(iv) expressly excludes sidewalks from the real property exception under the Act. Defendants assert that the area where plaintiff slipped and fell is, in fact, a "sidewalk" and that plaintiff cannot bring her claim within the real property exception nor invoke the applicability of the sidewalks exception. See *Finn v. Philadelphia,* 165 Pa. Commw. 255, 264, 645 A.2d 320, 325 (1994) (stating that sidewalks exception only applies when plaintiff's injuries are alleged to be the result of a defect or dangerous condition which originates from the sidewalk itself and is not applicable when injuries allegedly occurred only because of substances *on* the sidewalk (*e.g.,* snow, ice, oil, grease)). Essentially, defendants ask

---

3. As noted by the Supreme Court in *Reid v. City of Philadelphia,* 598 Pa. 389, 957 A.2d 232 (2008), the sidewalks exception of the Act imposes a heavier burden on a plaintiff than does the real property exception. "The real property exception clause imposes liability if an agency causes injury due to negligence in the care, custody, or control of its real property. . . . The sidewalks exception clause, however, requires proof that, in addition to being negligent, the agency had notice of the dangerous condition and opportunity to remedy the condition, and failed to do so." *Id.* at 392 n.1, 957 A.2d at 234 n.1. (internal citations omitted)

that the court find as a matter of law that the area where plaintiff fell is a "sidewalk".

In support of her position that the area in which she fell was not a "sidewalk," plaintiff relies on *Snyder v. North Allegheny School District,* 722 A.2d 239 (Pa. Commw. 1998). In *Snyder,* the Commonwealth Court considered whether a concrete slab that represented the top landing to a set of stairs leading to a parking lot can be considered a "sidewalk." *Id.* at 243. The landing was adjacent to a school driveway and had grass on either side. *Id.* Citing to the Vehicle Code,[4] the Commonwealth Court concluded that the concrete landing was not adjacent to a public right-of-way, but to a driveway[5] owned by the school district. *Id.* The court found that a condition precedent to the applicability of the sidewalks exception is that the area in question be the dedicated portion of a public right-of-way used for pedestrian traffic. *Id.*

Accordingly, the *Snyder* court concluded that the concrete landing was "in no way" a sidewalk. *Id.* The court stated:

"In this case, the concrete landing was not adjacent to a public right-of-way (footnote omitted), but to a driveway owned by the school district and used by parties

---

4. The Vehicle Code defines the term "sidewalk" as, "That portion of a street between curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for use by pedestrians." 75 Pa.C.S. §102.

5. The same section of the Vehicle Code defines "private road or driveway" as, "A way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." 75 Pa.C.S. §102.

with express or implied permission from the school district. See *e.g.,* section 102 of the Vehicle Code, 75 Pa.C.S. §102 (relating to definition of 'driveway'). For the concrete landing to fall within the sidewalk exception contained in section 8542(b)(7) of the [Act], a condition precedent for that exception to apply is that *it is the dedicated portion of a public right-of-way used for pedestrian traffic.* In this case, the concrete landing was not in a public right-of-way but adjacent to the school driveway, and where [the plaintiff] fell was the top landing to a set of stairs leading to the parking lot of the [public school], with grass on either side, and only served as the landing when ascending or descending the parking lot stairs. Because [the plaintiff] fell on a concrete slab representing the top landing to a set of stairs leading from the [public school] parking lot, the trial court properly found that it was not part of a sidewalk and that the sidewalk exception did not apply.[6]" *Id.* (emphasis added)

Plaintiff urges that since the area where she fell is not a dedicated portion of "a public right-of-way used for pedestrian traffic," the area is not a "sidewalk". (Pl. br. in opp. to def. mot. s.j., at 5.) She maintains that, "because the area on which [plaintiff] slipped at Garden Spot

---

6. The trial court submitted the issue of whether the plaintiff had fallen on a sidewalk to the jury. "Denying the school district's post-trial motion for judgment n.o.v., the trial court concluded that the sidewalk exception of section 8542(b)(7) (footnote omitted) was not applicable to the case because 'a sufficient amount of evidence existed on the record for the jury to classify the [concrete landing] as other than a sidewalk,' . . ." *Snyder v. North Allegheny School District,* 722 A.2d 239, 242 (Pa. Commw. 1998).

Middle School is not located adjacent to a public right-of-way, but rather to a privately owned driveway, the area under the canopy . . . does not constitute a 'side-walk'" and she should be able to pursue her claims under the real property exception to the Act. (Pl. br. in opp. to def. mot. s.j., at 7.)

Based on the record before it, the court concludes that plaintiff is correct and that the area where she fell is not a "sidewalk" under the Act.

Preliminarily, it should be noted that the term "side-walks" appears in both section 8542(b)(7), the sidewalks exception to the Act, and section 8542(b)(3), the real property exception, where the term is used to exclude such an area from the real property exception. Absent a specific intent to the contrary by the General Assembly, the term has the same definition in both sections of the statute.

The sidewalks exception defines sidewalks with refer-ence to "the rights-of-way of streets owned by the local agency . . . ." This definition, together with that adopted by the Commonwealth Court in *Snyder,* makes clear that for a pedestrian walkway to be a "sidewalk" within the meaning of the Act, it must be the portion of the public right-of-way open to pedestrian traffic. A driveway, even if owned by a local agency, open for vehicular travel only to those with the owner's express or implied permission and not to the general public would not be a public right-of-way or rights-of-way of a street.

With respect to the facts of this case, the record indi-cates that there is a horseshoe shaped driveway in front

of Garden Spot Middle School in which buses were parked to pick up students at the end of the school day. (Gregorzek dep. at 91-96.) Photographs of the area of plaintiff's fall show a concrete walkway parallel to the driveway.[7] (Pl. reply to def. mot. s.j., exhibit D-1.) There is nothing to indicate that this driveway is a public right-of-way open to all. On the contrary, it appears that the driveway is on property owned by the school district and used by buses and perhaps others to pick up and drop off children at the school. The horseshoe shape suggests that a vehicle enters the driveway from the public road, approaches the front of the school to pick up or drop off students and then exits onto the public road.

Under these circumstances, the court must conclude, consistent with *Snyder,* that the area where plaintiff fell is not a "sidewalk" within the meaning of the Political Subdivision Tort Claims Act. Accordingly, defendants are not entitled to judgment in their favor as a matter of law and their motion for summary judgment must be denied.

## ORDER

And now, February 25, 2009, upon consideration of defendants' motion for summary judgment and the response of plaintiff, it is ordered that defendants' motion for summary judgment is denied.

---

7. Although there are photographs of the immediate area where plaintiff fell, there is little in the record to show the layout of the driveway, who is entitled to make use of it and for what purposes.