# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michaelene H. Pane, Michael F. Pane, :
and Christina Pane :
 :
 :
v. : No. 1375 C.D. 2016
 : Argued: June 5, 2017
Indian Rocks Property Owners :
Association, Inc. of Ledgedale, :
                  Appellant :

Michaelene H. Pane, Michael F. Pane :
and Christina Pane, :
                  Appellants :
 : No. 1376 C.D. 2016
v. : Argued: June 5, 2017
 :
Indian Rocks Property Owners :
Association, Inc. of Ledgedale :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                 **FILED:  July 19, 2017**


Before this Court are the cross appeals of Michaelene H. Pane, Michael F. Pane and Christina Pane (the Panes) and the Indian Rocks Property Owners Association, Inc. of Ledgedale (Association) from the April 18, 2016 order of the Court of Common Pleas of Wayne County (Trial Court). The Association appeals from the order of the Trial Court to the extent it granted the summary judgment motion filed by the Panes, denied the Association's summary judgment motion and directed the Association to issue an approval for the construction of a

swimming pool on property owned by the Panes in the Indian Rocks development (Property). The Panes appeal from the Trial Court's denial of their motion for sanctions against the Association. For the reasons that follow, we affirm the order of the Trial Court.

The following facts are taken from the Panes' Amended Complaint and were admitted as true by the Association. The Property consists of three parcels located at 3 Bear Rock Road within the Bear Tract section of the Indian Rocks development in Lake Ariel, Wayne County, Pennsylvania. (Amended Complaint ¶¶1, 2, 6, 8, Reproduced Record (R.R.) 55a-56a.) A single-family residence is situated on the Property. (*Id.* ¶3, R.R. 56a.) Francis Pane and Michaelene Pane purchased the Property by a recorded deed on June 6, 1978 from Sophie and Paul Woods. (*Id.* ¶¶10, 14, Ex. A, R.R. 56a-57a, 65a-68a.) This deed states as follows:

> In addition to the restrictions, covenants, conditions, and rights as set forth in previous deeds, the grantees, for themselves, their heirs, executors, administrators and assigns agree to the following: All property owners in this development are required to be members of a property owners association which is organized in the section of the subdivision in which a property owner's lot(s) is located. *Property owners are required to follow the rules and regulations promulgated by their property owners association.*

(*Id.* Ex. A, R.R. 66a (emphasis added).) Francis Pane died in 1981 and sole ownership of the Property passed by operation of law to Michaelene Pane as the surviving spouse. (*Id.* ¶¶1, 11, R.R. 55a, 57a.) Michaelene Pane remains the record owner of the Property, and Michael Pane, Michaelene's son, and his wife, Christina Pane, currently live on the Property. (*Id.* ¶¶3, 4, R.R. 56a.)

2

At the time that Francis and Michaelene Pane purchased the Property in 1978, the Property was subject to various restrictive covenants recorded on June 1, 1956 by the developer of the Bear Tract section of the Indian Rocks development. (*Id.* ¶12, Ex. B, R.R. 57a, 70a-73a.) In 2003, the Board of Directors of the Association adopted Resolution 2003-12 setting forth rules and regulations concerning the installation of swimming pools on individual lots. (*Id.* ¶28, Ex. F, R.R. 59a, 85a.) The following year, the Board adopted Resolution 2004-8 revising and amending the rules and regulations concerning pools and specifically prohibiting in-ground pools. (*Id.* ¶28, Ex. F, R.R. 59a, 86a-87a.) In 2009, the Board adopted Resolution 2009-7 repealing Resolutions 2003-12 and 2004-8. (*Id.* ¶29, R.R. 59a.)

On June 19, 2015, Michael and Christina Pane, with the authorization of Michaelene Pane, wrote to the Architectural Control Commission of the Association stating that they intended to begin construction on an in-ground fiberglass swimming pool the following month. (*Id.* ¶18, Ex. D, R.R. 58a, 81a.) The Association, through its Community Manager, responded on June 24, 2015 stating that the request to build the pool was refused because Association rules and regulations prohibit the construction of pools on individual lots within the Indian Rocks development. (*Id.* ¶¶19, 30, Ex. E, R.R. 58a-59a, 83a.)

On August 5, 2015, the Panes filed a complaint in the nature of mandamus in the Trial Court against the Association seeking an order compelling the Association to approve the construction of the proposed in-ground swimming pool on the Property. Following preliminary objections, the Panes filed an amended complaint omitting the request for mandamus relief and instead requesting declaratory judgment that the Association was not entitled to prohibit

the Panes from building a swimming pool and equitable relief in the form of an order directing the Association to issue an approval to build the pool.

On August 11, 2015, the Association filed a complaint in the Trial Court under a separate docket number; in that complaint, the Association requested a preliminary injunction against Michaelene Pane in order to prevent the completion of construction of, or use of, the pool. On that same day, the Trial Court entered an order issuing the preliminary injunction.

Following discovery in the case brought by the Panes, the Panes and the Association filed cross motions for summary judgment. In their motion, the Panes asserted that there was no language in the deed or restrictive covenants that would prohibit the Panes from building a swimming pool on their Property and that there was no resolution banning swimming pools in Indian Rocks that was in effect in 2015 when the Panes began construction of their pool. The Panes argued that their use and enjoyment of the Property, including the installation of an in-ground pool, could not be limited absent a resolution passed in accordance with the Association's bylaws.

The Association argued that the Panes were bound to comply with the rules and regulations of the Association which act as restrictive covenants running with the land and that pools were expressly forbidden as of the date the Panes began construction. As evidence of this pool prohibition, the Association attached a document to their summary judgment motion entitled "Rules and Regulations" that states that "[p]ools are prohibited on individual lots." (Association Summary Judgment Motion ¶¶11, 13, Ex. A, R.R. 181a, 193a.) This document states that it was last revised on February 22, 2014 and appears to be a part of the Association's handbook. (*Id.* Ex. A, R.R. 184a.) In addition, the Association introduced an

4

undated copy of the Rules and Regulations of the Association's Architectural Control Commission stating that "[i]n ground and above ground pools are NOT ALLOWED." (Association Answer to Panes' Summary Judgment Motion ¶45, Ex. B, R.R. 299a, 309a.) While the Association admitted that the 2004 resolution banning in-ground pools was repealed in 2009 and no written resolution banning pools was in effect in 2015, it asserted that it was the "clear understanding and intention" of the Board to prohibit pools within Indian Rocks from 2009 forward. (*Id.* ¶¶36, 38, 39, R.R. 298a-299a.) In support of this assertion, the Association submitted affidavits by three Board members who were present at the January 24, 2009 Board of Directors Meeting in which the 2003 and 2004 resolutions setting forth regulations on pools were repealed; in those affidavits, the Board members stated that "[i]t was the Boards [sic] clear understanding and intention that once these resolutions were repealed, there would be no pools allowed in Indian Rocks." (*Id.* Ex. A, R.R. 303a-305a.)

On April 18, 2016, President Judge Raymond L. Hamill of the Trial Court entered an opinion and order granting the Panes' motion for summary judgment, denying the Association's motion for summary judgment, directing the Association to issue an approval for the swimming pool and denying a motion for sanctions by the Panes. In the opinion, the Trial Court stated that, while Resolutions 2003-12 and 2004-8 created rules for installations of pools on property within the Indian Rocks development, these resolutions were repealed by Resolution 2009-7. Further, the Trial Court noted that the Association admitted that there was now no written resolution prohibiting swimming pools on individual lots. Therefore, the Trial Court concluded that the Association had failed to demonstrate that swimming pools were prohibited on individual lots in the

5

development and held that there was no genuine issue of material fact.  Following the issuance of the ruling on the summary judgment motions, on June 23, 2016, the Trial Court entered an order dissolving the injunction enjoining Michaelene Pane from completing construction and using the pool.

The Panes and the Association each filed notices of appeal of the Trial Court's decision.[1]  The Trial Court issued a Rule 1925(a) opinion on June 29, 2016 setting forth two reasons to justify its decision to deny the Panes' motion for sanctions.  First, the Trial Court held that the motion, which was made orally during argument on the summary judgment motions, did not comply with the requirements of Rule of Civil Procedure No. 1032.2(a) that motions for sanctions be made separately from other motions and that the motion includes a description of the specific conduct that allegedly gives rise to the sanctions.  Second, the Trial Court concluded that the appeal of the denial of the request for sanctions was filed under the docket number for the Panes' case for declaratory judgment when it should have been filed in the action initiated by the Association seeking a preliminary injunction.

In its appeal,[2] the Association argues that the Trial Court erred by denying its motion for summary judgment and instead granting summary judgment

---

[1] The cross appeals were initially filed in Superior Court; on July 11, 2016, the Superior Court ordered the appeals transferred to this Court.  By a December 28, 2016 order of this Court, the appeals were consolidated and the Association was designated appellant pursuant to Rule of Appellate Procedure 2136.

[2] Because appellate review of a trial court ruling on summary judgment motions entails a question of law, our standard of review is *de novo* and our scope of review is plenary.  *Starling v. Lake Meade Property Owners Association, Inc.*, ___ A.3d ___ (Pa., No. 30 MAP 2016, filed May 25, 2017), slip op. at 19, 2017 WL 2312073 at *9; *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).  Our Supreme Court has explained the standard of review employed by trial courts reviewing summary judgment motions as follows:

**(Footnote continued on next page…)**

6

in favor of the Panes and ordering the Association to issue an approval for the pool. The Association contends that the Panes were bound by the prohibition of pools in the Rules and Regulations in the Association's handbook and the Architectural Control Commission's Rules and Regulations. Furthermore, the Association argues that the affidavits of its Board members stating that the Board intended to prohibit pools following the 2009 repeal of the 2003 and 2004 resolutions at least create a genuine issue of material fact as to whether such a prohibition exists that would defeat summary judgment in favor of the Panes.

The Association argues that, while restrictions on the use and enjoyment of land by property owners are generally disfavored, restrictive covenants are nevertheless legally enforceable. *See Vernon Township Volunteer Fire Department, Inc. v. Connor*, 855 A.2d 873, 879 (Pa. 2004). The Association asserts that the Panes were bound by the 1978 deed from Michaelene Pane and her late husband's purchase of the Property, which explicitly stated that the owners were "required to follow the rules and regulations promulgated by" the Association. (Amended Complaint, Ex. A, R.R. 66a.) The Association argues that it was also authorized to enact rules and regulations pursuant to the Uniform Planned Community Act,[3] a statute which governs the creation and management of

---

**(continued…)**

Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law…. The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

*Starling*, slip op. at 19-20, 2017 WL 2312073 at *9 (quoting *Gilbert v. Synagro Central, LLC*, 131 A.3d 1, 10 (Pa. 2015)).

[3] 68 Pa. C.S. §§ 5101–5414.

7

planned communities and which specifically authorizes a "unit owners' association" to "[a]dopt and amend...rules and regulations." 68 Pa. C.S. § 5302(a)(1). In addition, the Association cites to our Supreme Court's decision in *Indian Rocks Property Owners Association, Inc. of Ledgedale v. Glatfelter*, 28 A.3d 1261 (Pa. 2011), wherein the Court addressed whether owners of property in Indian Rocks were exempt from Association rules relating to construction of a structure based on an exemption for recreational cabins in the Pennsylvania Construction Code Act.[4] In that decision, the Court recognized the Association's "broad discretion in determining what can or cannot be built within its community" and that the Association's "rules and regulations" act as "protective covenants running with the land." *Id.* at 1262, 1266.

Upon review, we conclude that the Trial Court's ruling on the summary judgment motions was not in error. At issue in this case is not whether the Association had the authority to limit the right of the Panes to build on their land. There is no dispute that the Association was permitted to enact rules and regulations regarding the construction of structures on the parcels within the Indian Rocks development. Rather, the issue here is whether there existed any duly enacted prohibition of the building of pools in 2015 when the Panes sought to install a pool on the Property. While there had existed prohibitions on pools in the past, the Association repealed those prohibitions in 2009. The Association cites two sources for a prohibition on the construction of pools in 2015: the Rules and Regulations in the Association's handbook and the Rules and Regulations of the Architectural Control Commission. However, the Association has at no point cited

---

[4] Act of Nov. 10, 1999, P.L. 491, *as amended*, 35 P.S. §§ 7210.101–7210.1103.

8

any resolution or any other official action by the Board that adopted the rules and regulations banning pools. Unlike other rules in the Association's handbook related to the construction and use of structures on Indian Rocks properties, such as the rules related to fences, exterior work, hot tubs and outdoor furnaces, the rule banning pools does not state the Board resolution that established the rule. (Association Summary Judgment Motion Ex. A, R.R. 190a-193a.) Indeed, the Association admitted in its answer to the Panes' summary judgment motion that no written resolution existed that would ban pools following the Board's adoption of Resolution 2009-7, which repealed the two prior resolutions regulating the installation of pools. (Association Answer to Panes' Summary Judgment Motion ¶¶36, 38, 39, R.R. 298a-299a.)

Furthermore, the Association's argument that the Board had the "clear understanding and intention" to ban pools following the 2009 repeal of Resolutions 2003-12 and 2004-8 does not establish a restriction that would prevent Indian Rocks property owners from building a pool. (*Id.* ¶¶36, 38, 39, Ex. A, R.R. 298a-299a, 303a-305a.) "Because land use restrictions are not favored in the law, they are to be strictly construed, and 'nothing will be deemed a violation of such a restriction that is not in plain disregard of its express words....'" *Vernon Township*, 855 A.2d at 879 (quoting *Jones v. Park Lane for Convalescents, Inc.*, 120 A.2d 535, 537 (Pa. 1956)). Whatever understanding and intention the Board members had following the 2009 repeal of the restrictions on pools, it was not an official action of the Board that could constrain the Panes' use and enjoyment of their Property.

The Association argues that the Trial Court, by stating in its opinion that the Association "has failed to adduce sufficient evidence on whether

9

swimming pools are prohibited on individual lots" (Apr. 18, 2016 Opinion and Order at 2), improperly placed the burden on the Association to produce evidence of a rule prohibiting swimming pools when the Panes, not the Association, bore the burden of proof to show that no genuine issue of material fact existed that pools were permitted in the Indian Rocks development. While it is true that the party moving for summary judgment bears the burden to demonstrate that there is no genuine issue of material fact, *see Burke v. City of Bethlehem*, 10 A.3d 377, 379 n.4 (Pa. Cmwlth. 2010), Rule of Civil Procedure 1035.3(a) requires that "the adverse party may not rest upon the mere allegations or denials of the pleadings." Pa. R.C.P. No. 1035.3(a). Rather, the adverse party must identify in its response issues of fact from evidence in the record controverting the moving party's assertions, credibility issues in the testimony of the witnesses relied on by the moving party or evidence in the record essential to the cause of action or defense which the moving party maintains was not produced. Pa. R.C.P. No. 1035.3(a)(1)-(2). As the Trial Court pointed out, the Association here failed to cite to any evidence in the record that there existed a covenant or official action by the Board to prohibit pools as of the date when the Panes sought permission to build their pool. Accordingly, the Trial Court did not err in granting the summary judgment motion filed by the Panes, denying the Association's summary judgment motion and ordering that the Association issue an approval for construction of a pool on the Property.

In their appeal, the Panes argue that they were entitled to an award of sanctions pursuant to Rule of Civil Procedure 1023.1 based on allegations in the Association's complaint seeking a preliminary injunction that it had adopted a rule

10

prohibiting pools on individual lots within the Indian Rocks development.[5]  Rule 1023.1 requires that every pleading or motion be signed by an attorney or unrepresented party and that the signature "constitutes a certificate" that "to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,...the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  Pa. R.C.P. No. 1023.1(b), (c)(3).  The Explanatory Comment to Rule 1023.1 further explains that, while an allegation without evidentiary support is not necessarily frivolous and "this rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," once "evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention."  Pa. R.C.P. No. 1023.1, Explanatory Comment.  The Panes assert that the Association was unable to present any documentary support during discovery of any Board resolution prohibiting pools and never withdrew its complaint or notified the Trial Court that its allegations that served as the basis for the preliminary injunction were unfounded.  According to the Panes, it was only during oral argument on April 6, 2016, nearly eight months after the preliminary injunction complaint was filed on August 11, 2015, that the Association conceded that no resolution was in effect prohibiting pools at the time the Panes requested permission to begin building a pool.

---

[5] A ruling on a motion for sanctions is reviewed to determine whether the trial court committed an abuse of discretion.  Pa. R.C.P. No. 1023.1, Note, Explanatory Comment; *Dean v. Dean*, 98 A.3d 637, 644 (Pa. Super. 2014).

We affirm the Trial Court's denial of the Panes' motion for sanctions. As the Trial Court stated in its June 29, 2016 opinion, the Panes filed this appeal under the docket number for their action seeking a declaratory judgment and equitable relief rather than under the docket number given to the Association's action seeking a preliminary injunction. Although this Court may permit an appellant to correct a docket number on a notice of appeal, *see Guy M. Cooper, Inc. v. East Penn School District*, 894 A.2d 179, 181-82 (Pa. Cmwlth. 2006) (Simpson, J.), the Panes have undertaken no effort to amend their notice of appeal. Furthermore, because the appeal was filed under the wrong docket number, the complaint that purportedly contains the false allegations does not appear in the record certified from the Trial Court. This Court is prohibited from reviewing documents outside the record certified by the lower court. *City of Pittsburgh Commission on Human Relations v. DeFelice*, 782 A.2d 586, 593 n.10 (Pa. Cmwlth. 2001).

The Panes' motion for sanctions also did not comply with the "safe harbor" requirement of Rule of Civil Procedure 1023.2. Rule 1023.2 mandates that the party moving for sanctions include a certification with their motion that they served written notice and demand on the party or counsel who verified the pleading at issue that each false allegation be corrected or withdrawn and that the moving party then provided the other party 28 days to withdraw the allegations or correct the record before filing the motion for sanctions. Pa. R.C.P. No. 1023.2(b). The Panes' motion for sanctions was made orally during argument on the summary judgment motions[6] and the Panes did not file a certification affirming that a notice

---

[6] "[W]e're entitled to dissolution of the injunction, plus we want to forfeit the [$2,000] they paid in the court [as a bond for the preliminary injunction], I want an award of attorney's fees because **(Footnote continued on next page…)**

12

and demand was served on the Association requesting the withdrawal of the allegations or the correction of the record.

Accordingly, the order of the Trial Court is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

---

**(continued…)**

[the resolution prohibiting pools] was never there. Ya know, they verified it, the client verified it and it didn't exist, so we've been chasing our tails for eight months. My clients have been spending time and money for nothing." (Apr. 6, 2016 Argument Transcript at 7, R.R. 337a.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michaelene H. Pane, Michael F. Pane, :
and Christina Pane :
  :
  :
v. : No. 1375 C.D. 2016
  :
Indian Rocks Property Owners :
Association, Inc. of Ledgedale, :
                     Appellant :

Michaelene H. Pane, Michael F. Pane :
and Christina Pane, :
                  Appellants :
  : No. 1376 C.D. 2016
v. :
  :
Indian Rocks Property Owners :
Association, Inc. of Ledgedale :

# **O R D E R**

AND NOW, this 19th day of July, 2017, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge